UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CHARLES DARROYL LEWIS,

        Petitioner,

v.

        Case No. 4:26-cv-10974
        Honorable F. Kay Behm

ADAM DOUGLAS,

        Respondent.

_____/

## OPINION AND ORDER TO SHOW CAUSE

This is a habeas action filed under 28 U.S.C. § 2254. Petitioner Charles Darroyl Lewis is presently in the custody of the Michigan Department of Corrections. In March 2026, he filed a petition for a writ of habeas corpus seeking relief from his 1986 plea conviction and life sentence for three counts of second-degree murder, Mich. Comp. Laws § 750.317. Upon review of the petition, the Court concludes that the petition appears untimely under the statute of limitations set forth under 28 U.S.C. § 2244(d)(1). For the reasons below, the Court orders Petitioner to show cause why his petition should not be dismissed for failure to comply with the one-year statute of limitations applicable to federal habeas actions.

## I.  BACKGROUND

In 1986, Petitioner pleaded guilty to three counts of second-degree murder in the Wayne County Circuit Court.[1]  *See* Offender Profile, Michigan Department of Corrections Offender Tracking Information System ("OTIS"), https://mdocweb.state.mi.us/OTIS2/Profile.  The trial court sentenced Petitioner to life imprisonment. *Id*.

In 2006, Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals. On May 14, 2007, the Michigan Court of Appeals denied the delayed application because Petitioner "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *See People v. Lewis*, No 274191 (Mich. Ct. App. May 14. 2007) (Order). Publicly available state court records show that Petitioner did not appeal in the Michigan Supreme Court.

On December 19, 2013, Petitioner filed a motion for relief from judgment in the Wayne County Circuit Court. *See* Register of Actions,  *People v. Lewis*, Case No. 86-004919-01 FH (Wayne Ctny. Cir. Ct.). On April 21, 2014, the trial court denied the motion for relief from judgment. *Id*.  Petitioner did not appeal the trial court's order to the state appellate courts.

---

[1] While Petitioner's state court criminal proceedings are not explained in the habeas petition, the Court may take judicial notice of Petitioner's prior state court proceedings. *See Clark v. Stone*, 998 F.3d 287, 297 n.4 (6th Cir. 2021) ("Courts may take judicial notice of the proceedings of other courts of record."). Additionally, public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See Daniel v. Hagel*, 17 F. Supp. 3d 680, 681, n. 1 (E.D. Mich. 2014); *United States ex. rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003).

Now before the Court is the present habeas petition, which the Court understands raises the following claims:

I.     There is no legal or constitutional validity to the restraint upon petitioner's liberty where petitioner holds superior title and claim over judgment and has settled all matters in controversy at issue in this case.

II.    Petitioner, an "American National" Sovereign by birth and by right, is presently illegally imprisoned and restrained of his liberty in direct violation of the Constitution for the United States of America.

III.   It is impermissible and unconstitutional for De Facto Corporate State and Federal Governments, whether executive, legislative, or judicial to create and attain parity with petitioner, a sui juris, de jure individual sovereign by birth and by right.

IV.    It is impermissible and unconstitutional for state actors (attorneys) to negotiate an adhesion contract on petitioner's behalf, procured in fraud in the execution and direct violation of the four basic canons of contractual law.

V.     Petitioner is entitled to immediate release from the illegal and unconstitutional restraint upon his liberty where the attorneys of record perpetrated fraud upon him and more importantly, the court.

VI.    The State of Michigan lacked jurisdiction, as a matter of law, to prosecute this cause.

VII.   The state court judgment of sentence is unconstitutional, void, and unenforceable, where the state court was without subject matter jurisdiction or authority to render the judgment where petitioner holds superior title and claim thereto.

ECF No. 1, PageID.2.

3

## II. DISCUSSION

Promptly after the filing of a habeas petition, a federal court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *Id.*; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has the duty to "screen out" petitions that lack merit on their face). No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of the State's response. *Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005). Although the Court can sua sponte dismiss a case filed outside the statute of limitations, *Day v. McDonough*, 547 U.S. 198 (2006) (upholding sua sponte raising of defense even after answer which did not raise it); *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002), before doing so it must give the Petitioner notice and an opportunity to respond. *Shelton v. United States*, 800 F.3d 292 (6th Cir. 2015).

After undertaking the review required by Rule 4, the Court concludes that, on the face of the petition, it appears that Petitioner's request for habeas relief is

4

barred by the one-year statute of limitations. The Antiterrorism and Effective Death Penalty Act, effective April 24, 1996, provides a one-year statute of limitations for habeas petitions. *See* 28 U.S.C. § 2244(d)(1). The one-year limitation period ordinarily runs from the latest of the following four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

In addition, where, as here, a state prisoner's conviction became final before AEDPA's enactment in April 1996, the prisoner had until one year following that enactment (or until April 24, 1997), to file a federal habeas petition. *See Griffin v. Rogers*, 399 F.3d 626, 631-32 (explaining that while "AEDPA provided no grace period for habeas corpus claims arising from convictions . . . that became final prior to the statute's enactment . . . this Circuit [has] provided a one-year grace

period for convictions that became final prior to April 24, 1996, the effective date of AEDPA").

Petitioner's habeas claims are not timely under § 2244(d)(1)(A). There is no evidence in the record suggesting that the provisions set forth in §§ 2244(d)(1)(B) through (D) apply to Petitioner's grounds for relief. His conviction became final before AEDPA was enacted, and at the time of AEDPA's enactment, he did not have a habeas petition pending before the Court. Thus, he had until April 24, 1997, to file a habeas petition. *See Griffin,* 399 F.3d at 631–32. He did not meet that deadline. Indeed, he did not file his current habeas petition until March 17, 2026.[2] Thus, AEDPA's statute of limitations bars him from pursuing his habeas claims, unless Petitioner can show that equitable tolling applies.

Because Petitioner did not file his habeas petition until March 17, 2026, —nearly three decades after the statute of limitations expired—his petition appears to be untimely and subject to dismissal.

### III.   CONCLUSION

Because it appears that Petitioner did not file his habeas petition within the one-year statute of limitations applicable to federal habeas actions, the Court

---

[2] The Petition was docketed on March 24, 2026. (ECF No. 1.) "Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts." *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266, 273 (1988)). The petition is post-marked for mailing on March 17, 2026. (ECF No. 1 PageID.7.)

**ORDERS** him to **SHOW CAUSE** within **30 DAYS** of the filing date of this order why his case should not be dismissed as untimely under 28 U.S.C. § 2244(d).

     **SO ORDERED**.


Dated:  May 19, 2026                      <u>s/F. Kay Behm</u>
                                       F. Kay Behm
                                       United States District Judge