UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES DARROYL LEWIS,

           Petitioner,

v.                                 Case No. 4:26-cv-10974
                                 Honorable F. Kay Behm

ADAM DOUGLAS,

           Respondent.

_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE
PETITION FOR A WRIT OF HABEAS CORPUS [1], DENYING A
CERTIFICATE OF APPEALABILITY, AND DENYING
THE PENDING MOTIONS TO SHOW CAUSE [5, 8]**

This is a habeas action filed under 28 U.S.C. § 2254.  Petitioner Charles

Darroyl Lewis is presently in the custody of the Michigan Department of

Corrections.  In March 2026, he filed a petition for a writ of habeas corpus seeking

relief from his 1986 plea-based conviction and life sentence for three counts of

second-degree murder, Mich. Comp. Laws § 750.317.  On May 19, 2026, the

Court ordered Petitioner to show cause why his petition should not be dismissed

for his failure to comply with the one-year statute of limitations applicable to

federal habeas actions.  (ECF No. 11).  On July 1, 2026, Petitioner filed a response.

(ECF No. 13).

The Court concludes that the petition must be dismissed because the petition is untimely under the statute of limitations set forth under 28 U.S.C. § 2244(d)(1). In light of the dismissal, the Court further denies Petitioner's pending motions for order to show cause as moot.  (ECF Nos. 5, 8.)  The Court declines to issue Petitioner a certificate of appealability.

## I.  BACKGROUND

In 1986, Petitioner pleaded guilty to three counts of second-degree murder in the Wayne County Circuit Court.[1]  *See* Offender Profile, Michigan Department of Corrections Offender Tracking Information System ("OTIS"), https://mdocweb.state.mi.us/OTIS2/Profile.  The trial court sentenced Petitioner to life imprisonment. *Id*.

In 2006, Petitioner filed a delayed application for leave to appeal his convictions and sentence to the Michigan Court of Appeals. On May 14, 2007, the Michigan Court of Appeals denied the delayed application because Petitioner "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *See People v. Lewis*, No 274191 (Mich. Ct. App. May 14. 2007)

---

[1] While Petitioner's state court criminal proceedings are not explained in the habeas petition, the Court may take judicial notice of Petitioner's prior state court proceedings.  *See Clark v. Stone*, 998 F.3d 287, 297 n.4 (6th Cir. 2021) ("Courts may take judicial notice of the proceedings of other courts of record.").  Additionally, public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice.  *See Daniel v. Hagel*, 17 F. Supp. 3d 680, 681, n. 1 (E.D. Mich. 2014); *United States ex. rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003).

2

(Order).  Publicly available state-court records show that Petitioner did not file an application for leave to appeal in the Michigan Supreme Court.

On December 19, 2013, Petitioner filed a motion for relief from judgment in the Wayne County Circuit Court.  *See* Register of Actions, *People v. Lewis*, Case No. 86-004919-01 FH (Wayne Ctny. Cir. Ct.).  On April 21, 2014, the trial court denied the motion for relief from judgment.  *Id*.  Petitioner did not appeal the trial court's order to the state appellate courts.  Petitioner filed the present petition over a decade later on March 17, 2026. [2]

## II. DISCUSSION

Promptly after the filing of a habeas petition, a federal court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243.  If, after preliminary consideration, the court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition.  *Id.*; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has the duty to "screen out" petitions that lack merit on their face).  No response to a habeas petition is necessary when the petition is frivolous,

---

[2] The petition was docketed on March 24, 2026.  (ECF No. 1.)  "Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts."  *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266, 273 (1988)).  The petition is post-marked for mailing on March 17, 2026.  (ECF No. 1 PageID.7.)

obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of the State's response.  *Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

After undertaking the review required by Rule 4, the Court concludes that Petitioner's request for habeas relief is barred by the one-year statute of limitations. The Antiterrorism and Effective Death Penalty Act, effective April 24, 1996, provides a one-year statute of limitations for habeas petitions.  *See* 28 U.S.C. § 2244(d)(1).  The one-year limitation period ordinarily runs from the latest of the following four dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

In addition, where, as here, a state prisoner's conviction became final before AEDPA's enactment in April 1996, the prisoner had until one year following that

4

enactment (or until April 24, 1997), to file a federal habeas petition.  *See Griffin v. Rogers*, 399 F.3d 626, 631-32 (explaining that while "AEDPA provided no grace period for habeas corpus claims arising from convictions . . . that became final prior to the statute's enactment . . . this Circuit [has] provided a one-year grace period for convictions that became final prior to April 24, 1996, the effective date of AEDPA").

Petitioner's habeas claims are not timely under § 2244(d)(1)(A).  There is no evidence in the record to suggest that the provisions set forth in §§ 2244(d)(1)(B) through (D) apply to Petitioner's grounds for relief.  His conviction became final before AEDPA was enacted, and at the time of AEDPA's enactment, he did not have a habeas petition pending before the Court.  Thus, he had until April 24, 1997, to file a habeas petition.  *See Griffin*, 399 F.3d at 631–32.  He did not meet that deadline.  Indeed, he did not file his current habeas petition until March 17, 2026.  Thus, AEDPA's statute of limitations bars him from pursuing his habeas claims, unless Petitioner can show that equitable tolling applies.

The AEDPA's statute of limitations is subject to equitable tolling "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control."  *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)).  Equitable tolling is granted "sparingly."  *Id*. (quoting

5

*Robertson*, 624 F.3d at 784).  A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id*. (quoting *Holland v. Florida*, 560 U.S. 631, 648 (2010) (internal quotations omitted)); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

In his response to the Court's Show Cause Order, Petitioner fails to demonstrate that he is entitled to equitable tolling in this case.  First, Petitioner has not shown that he has been diligent in pursuing his rights.  Indeed, Petitioner did not file a motion for relief from judgment in the state court until nearly 13 years after his last state-court filing.  He did not file his habeas petition until 29 years after the limitations period expired.  Second, Petitioner has not argued much less demonstrated that he was prevented by some extraordinary circumstance from seeking relief in a timely manner.  Petitioner's response is devoid of any explanation for the delay.  Petitioner has therefore failed to demonstrate that he is entitled to equitable tolling and the petition is time-barred.

Lastly, Petitioner has not demonstrated that the procedural bar to review should be excused based on a colorable showing of actual innocence.  "To invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . .  a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence.'" *McQuiggin v. Perkins*, 569

6

U.S. 383, 399 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).  No such showing has been made in this case.

Accordingly, the Court concludes that the instant federal habeas corpus petition is barred from review by the one-year statute of limitations governing habeas corpus actions brought pursuant to 28 U.S.C. § 2254.  Because the petition will be dismissed, the Court denies the motions for order to show cause (ECF Nos. 5, 8) as moot.

### III.   CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.  A COA will be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a district court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that "reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a district court denies relief on procedural grounds without addressing the merits, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural

ruling." *Id*.  In this case, jurists of reason would not find the Court's procedural ruling that the habeas petition is untimely debatable.

## IV.   CONCLUSION

For the reasons set forth above, the Court **DISMISSES** the petition for a writ of habeas corpus.  Further, the Court **DENIES** Petitioner's motions for order to show cause (ECF Nos. 5, 8) as Moot.  The Court **DENIES** a certificate of appealability.

**SO ORDERED**.

Dated: July 6, 2026                                                s/F. Kay Behm
                                                                          F. Kay Behm
                                                                          United States District Judge

8